# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50852
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mario Alberto Ambriz-Tovar,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CR-322-1

———————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Mario Alberto Ambriz-Tovar appeals his conviction and sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b), arguing for the first time that the recidivism enhancement in § 1326(b) is unconstitutional. The Government has filed a motion for summary affirmance or, alternatively, for an extension of time to file a brief. Ambriz-Tovar takes no position on the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50852

motion for summary affirmance, but he acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and seeks to preserve it for possible Supreme Court review.

The parties are correct that Ambriz-Tovar's sole argument on appeal is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.